IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| CEPHUS M. MURRELL, *et al.*, | * |
| Plaintiffs | * |
| v. | *   Civil Action No.: MJG-01-CV-3560 |
| MAYOR & CITY COUNCIL OF BALTIMORE, *et al.*, | * |
| | * |
| Defendants | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MOTION TO PLACE CASE ON ACTIVE DOCKET

Now come the Plaintiffs, Cephus M. Murrell and C. Murrell Business Consultant, Inc., by their attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, and state:

1. By ECF letter filed on September 10, 2003, Plaintiffs provided the Court with a status report in which it advised that the Court of Appeals of Maryland had issued an Opinion in favor of Mr. Murrell and "suggested" that the case be reopened. By Order entered September 29, 2003 (Paper No. 20), the Court advised that it would place this case on an inactive status through December 31, 2005.

2. The City razed Mr. Murrell's warehouse and rental properties in May, 1999, over four (4) years ago. Murrell filed the instant action in the Circuit Court for Baltimore City on October 3, 2001, some two years ago. The Court of Appeals, in its decision, concluded that Murrell's properties were razed without benefit of the procedures mandated by the Baltimore City Code, thereby implicating important constitutional rights, namely, Article III, §40 (Eminent Domain) and Article 24 (Due Process) of the Maryland Declaration of Rights. *Murrell v. Mayor & City Council of Baltimore*, 376 Md. 170, 199 (2003), *citing Becker v. State*, 363 Md. 77

(2001). There is no post-deprivation remedy of which counsel is aware, nor does counsel believe that the Defendants can cite any authority that will adjudicate Murrell's post-deprivation rights. There would appear to be nothing to be gained at this juncture from the administrative process, other than perhaps an administrative cover-up of what already occurred some four plus years ago.

    3. Because the proceedings are before the Baltimore City Department of Housing & Community Development, the Baltimore City Code cannot ever be the functional equivalent of a claim for damages in court. There would be nothing to gain, not even a preclusive effect, from those proceedings. *Esslinger v. Baltimore City*, 95 Md. App. 607, 623 (Motz, J., 1993); *see also, Dionne v. Mayor & City Council of Baltimore*, 40 F.3d 677, 685, n.14 (4th Cir. 1994). Any hearing before the Baltimore City Department of Housing & Community Development would merely be an exercise in post-*hoc* justification by that agency, which would have no effect on Murrell's claims for damages in this case.

    4. The basis of a Fourteenth Amendment due process claim is the denial of a liberty or property interest without either a pre-deprivation or a post-deprivation remedy. Violations of state law in themselves cannot provide the basis for a due process claim. If, however, state officers deprive an individual of a protected liberty or property interest in accordance with established state procedures, one may attack those procedures as violative of the Due Process Clause. Where, however, the state's officials' random and unauthorized actions result in a deprivation of a protected liberty or property interest, adequate post-deprivation remedies provided by the state satisfy the requirements of due process, whether the state officials acted intentionally or negligently. *Hodge v. Carroll County Department of Social Services*, 812 F.Supp 593, 600-604 (D. Md. 1992); *see also Parratt v. Taylor*, 451 U.S. 527, 537-39 (1981).

It, therefore, would appear that Plaintiff does not have a viable Fourteenth Amendment Due Process claim at this juncture, given that there are state trespass and procedural remedies available, post-deprivation. Thus, the Court should dismiss Plaintiff's Section 1983 claims at this juncture and proceed with this case against the City on the merits under the state constitutional and tort actions. Any further delay in itself would smack of a lack of due process given the length of time that this matter has been pending.

WHEREFORE, for the foregoing reasons, Plaintiffs request that the Court place this case on the active docket.

        HOWARD J. SCHULMAN
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiffs