IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| CEPHUS M. MURRELL, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.:  MJG-01-CV-3560 |
| MAYOR & CITY COUNCIL OF BALTIMORE, *et al.*, | * | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

REPLY MEMORANDUM  IN SUPPORT OF
MOTION TO PLACE CASE ON ACTIVE DOCKET

Now come the Plaintiffs, Cephus M. Murrell and C. Murrell Business Consultant, Inc., by their attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, and state:

Plaintiffs need not exhaust their administrative remedies as a condition of a claim pursuant to 42 U.S.C., § 1983.  *Talbot v. Lucy Corr Nursing Home*, 118 F.3d 215, 218-19 (4th Cir. 1997).  Section 1983 was designed to be "an alternate, supplemental avenue for relief to persons who almost always have an additional available remedy at state law."  *Id.*, at 220, *quoting  Alacare, Inc.-North v. Baggiano,* 785 F.2d 963, 967-68 (11th Cir. 1986).  "[T]hat the mere existence of a state remedial scheme is sufficient to support an exhaustion requirement would eviscerate the general rule established in *Patsy* [*v. Board of Regents*, 457 U.S. 496 (1982)] and would dramatically narrow the scope of relief available under § 1983".  *Talbot*, at 220.  Congress has not expressly or implicitly conditioned that Plaintiffs here must exhaust their administrative remedies before the

Defendant, Department of Housing and Community Development of Baltimore City.  *See Talbot*, at 219.

The Supreme Court has generally not required exhaustion of administrative remedies where the administrative process subjects plaintiffs to unreasonable delay or to an indefinite time frame for decision.  In cases where a plaintiff seeks monetary relief, an agency's administrative remedy furnishes no effective remedy at all and, therefore, the imposition of an exhaustion requirement is improper.  *McCarthy v. Madigan*, 503 U.S. 140, 156-58 (1992) (Rehnquist concurring, with whom Scalia and Thomas, J.J., joined).

The City does not point to a post-deprivation remedy that the administrative process would afford Plaintiffs damages for the destruction of their property.[1]  Although the City recites in its Memorandum, at 5, case law concerning the exhaustion of administrative remedies with regard to state law claims, the City does not and cannot point to any post-deprivation remedy provided by the administrative process, i.e., a means of compensating the Plaintiffs for the destruction of their property.  The reason is that there is simply no administrative mechanism or process for awarding Plaintiffs the damages they seek in this case.  If there is no post-deprivation administrate remedy and the Maryland courts require the exhaustion of administrative remedies as the City urges,

---

[1] The Defendant, Mayor & City Council, states in its Memorandum, at 3-4, that Plaintiffs' counsel wrote to the Court on September 10, 2003, but the City did not receive a copy.  The letter in question was sent to the Court via ECF, the same mechanism by which the City filed its Response (Paper No. 22).

then this Court should proceed on the § 1983 claim, given the admission by the City that there is no post-deprivation remedy available at this time under state law.

The City also ignores that the Court of Appeals of Maryland reviewed the administrative proceedings in a separate and distinct case but did not review this case. The Court of Appeals of Maryland did not sit in judgment of Plaintiffs' tort and constitutional claims in this action, an action which seeks a post-deprivation remedy for alleged common law and constitutional torts committed.

The Defendants razed the Plaintiffs' property in May of 1999. Plaintiffs instituted this case on October 3, 2001. To require the Plaintiffs to wait until December 31, 2005, before they can begin the litigation process in this case would itself be a denial of due process. It would require Plaintiffs to wait some six years before even initiating any discovery, much to their prejudice, when any proceedings that the City alleges to have occurred were phantom proceedings, as borne out by the Court of Appeals' decision. The Court's further delay of this case would impose an unwarranted exhaustion requirement upon the Plaintiffs.

HOWARD J. SCHULMAN
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland  21201
(410) 576-0400
Attorneys for Plaintiffs
