```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

CEPHUS M. MURRELL, et al.      *

          Plaintiffs           *

     vs.                       *   CIVIL ACTION NO. MJG-01-3560

MAYOR & CITY COUNCIL OF        *
  BALTIMORE, et al.
                               *
          Defendants
*     *     *     *     *     *     *     *     *
```

## MEMORANDUM AND ORDER

The Court has before it Plaintiffs' Motion to Place Case on Active Docket [Paper 21] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

In brief[1], in February of 1999 the Baltimore City Department of Housing and Community Development ("the Department") posted condemnation notices on certain property owned by Plaintiffs. Following certain administrative proceedings, the Department decided to raze the properties. On May 21, 1999, Plaintiffs filed suit against the Department in the Circuit Court for Baltimore City arguing that the Department had failed to comply with certain procedural

---

[1] For further background see <u>Murrell v. Mayor and City Council of Baltimore</u>, 829 A.2d. 548 (Md. 2003)

requirements.  The Circuit Court affirmed the Department and the properties were razed by the Department before June of 2000.

Plaintiffs appealed from the Circuit Court decision in 2000. The Maryland Court of Special Appeals dismissed the appeal, but, ultimately, the Court of Appeals granted Plaintiffs' petition for certiorari.  See Murrell v. Baltimore, 781 A.2d 778 (Md. 2001).

On November 21, 2001, Plaintiffs filed the instant lawsuit claiming that the Department had wrongfully taken the subject properties in violation of Plaintiffs' state and federal Constitutional rights.  In the Complaint herein, Plaintiffs include various claims that the Department had failed to provide allegedly required administrative procedural rights.  By Order of May 8, 2002, this Court stayed and administratively closed the instant case pending resolution of the then pending related state proceedings subject to reopening by December 31, 2003.

On July 30, 2003, the Court of Appeals reversed the Circuit Court decision, holding that the Department had failed to comply with mandatory procedural duties and remanded the case for further administrative proceedings.  See Murrell v. Mayor and City Council of Baltimore, 829 A. 2d. 548 (Md. 2003).

In view of the procedural developments in the related case, this Court, by Order of September 29, 2003, extended the period for reopening of the instant case through the end of 2005.[2]

Plaintiffs seeks to reopen the instant case at the present time despite the pendency of the related administrative proceedings.  Plaintiffs claim that the Court of Appeals has held that the Department violated their procedural rights and that the administrative proceedings directed by the Court of Appeals would be meaningless.

In the instant Motion, Plaintiffs suggest that the Court "should dismiss Plaintiffs' Section 1983 claims at this juncture and proceed with this case against the City on the merits under the state constitutional and tort actions." Plaintiffs' Motion at 3.  Thus, they seem to wish to proceed only on their state law causes of action.  In the Reply, however, Plaintiffs change position and, apparently, wish to proceed on their federal law claims under Section 1983.

It continues to appear likely that the results of the related state proceedings may well affect the future course of the instant case.  Thus, a holding that the Department was

---

[2] Subject, of course, to further extension as may be necessary.

substantively wrong could be beneficial to the Plaintiffs.  On the other hand, a holding that the Department was substantively correct might be detrimental to the Plaintiffs - for instance with regard to causation.

If Plaintiffs are pursuing their claims of violation of federal law, the Court will continue the stay pending the conclusion of the related state law case.  If Plaintiffs wish to proceed only on their state law claims, the Court will reopen the case which will, at that point, present no federal claims.  In that posture, the Court will, absent a showing of cause to the contrary, remand the case to the Circuit Court for Baltimore City.  See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988); In re Conklin, 946 F.2d 306, 324 (4th Cir. 1991).  The state court, on remand, could decide to proceed with the litigation as Plaintiffs wish, stay the case as Defendants wish, or take some other course of action.

For the foregoing reasons:

    1. Plaintiffs' Motion to Place Case on Active Docket [Paper 21] is DENIED WITHOUT PREJUDICE.

    2. By January 19, 2004, Plaintiffs shall advise the Court and Defendants whether they wish dismissal of their federal claims herein leaving pending only their state law claims.

        a. If not, the case shall remain stayed and closed pursuant to presently outstanding Orders.

        b. If so, Defendants shall show cause by February 2, 2004 why the case should not be

4

   reopened and remanded to the Circuit Court
   for Baltimore City, Maryland.

SO ORDERED, on <u>Monday, January 5, 2004</u>

            ___/ s /___
           Marvin J. Garbis
         United States District Judge